**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,         ) | No.  CR-02-0445-PHX-MHM |
|                                   ) |       CIV 04-1762-PHX-MHM (JI) |
|     Plaintiff/Respondent,         ) | |
|                                   ) | **ORDER** |
| vs.                               ) | |
|                                   ) | |
|                                   ) | |
| Jesus Valencia-Cervantes,         ) | |
|                                   ) | |
|     Defendant/Movant.             ) | |
|                                   ) | |
| _____) | |

Movant pro se has filed a Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255. (Doc. 18; see Doc. 21- notice of filing movant's signature on the motion). The matter was referred to Magistrate Judge Jay R. Irwin who has issued a Report and Recommendation that recommends that the § 2255 motion should be denied.  (Doc. 27). Movant has not filed written objections to the Report and Recommendation.

**STANDARD OF REVIEW**

The Court must review the legal analysis in the Report and Recommendation de novo. See 28 U.S.C. § 636(b)(1)(C).  The Court must review the factual analysis in the Report and Recommendation de novo for those facts to which objections are filed.  "Failure to object to a magistrate judge's recommendation waives all objections to the judge's findings of fact." Jones v. Wood, 207 F.3d 557, 562 n.2 (9th Cir. 2000).

**DISCUSSION**

Movant was charged with re-entry after removal, in violation of 8 U.S.C. § 1326(a). Movant waived indictment and consented to proceed with a guilty plea before the Magistrate

1 Judge. The government filed an information charging the offense on April 29, 2002 and
2 Movant that same day pleaded guilty to the sole count of the information. Movant's guilty
3 plea was entered pursuant to a plea agreement in which, by its terms, Movant waived any
4 objections he could assert to the Court's entry of judgment against him and to the imposition
5 of sentence providing the sentence was consistent with the agreement. Movant also waived
6 any right to appeal the entry of judgment; any right to appeal the imposition of sentence; and
7 any right to collaterally attack his conviction and sentence under 28 U.S.C. § 2255 or any
8 other collateral attack. The Magistrate Judge entered findings that the plea was entered
9 knowingly and voluntarily and recommended that the plea should be accepted. Movant
10 appeared before this Court on August 26, 2002. Movant's guilty plea was accepted and
11 Movant was sentenced to 60 months imprisonment. Movant did not file a direct appeal.

12 Movant has raised the following grounds in his motion for relief under § 2255. Movant
13 contends that defense counsel was ineffective based on the alleged failure to object at
14 sentencing to facts not admitted or found by a jury, citing Blakely v. Washington, 542 U.S.
15 296 (2004); sentence enhancements based on facts not admitted or found by a jury; and failure
16 to make his federal sentence concurrent with a state sentence. The Magistrate Judge has
17 recommended that Movant is not entitled to relief.

18 As discussed in the Report and Recommendation, in Blakely, decided June 24, 2004,
19 the Supreme Court held that a sentence increase based on facts not found by a jury violates
20 the Sixth Amendment. The Ninth Circuit has held that Blakely "does not apply retroactively
21 to a conviction that was final before that decision was announced." Schardt v. Payne, 414
22 F.3d 1025, 1037 (9th Cir. 2005).

23 Movant's contention that his sentence was imposed in violation of Blakely is governed
24 by the intervening decision issued on January 12, 2005 in United States v. Booker, 125 S.Ct.
25 738 (2005), in which the Supreme Court concluded that the holding in Blakely applies to the
26 Federal Sentencing Guidelines. See, Lloyd v. United States, 407 F.3d 608, 610 and n.1 (3d
27 Cir.)(noting that Blakely reserved decision about the status of the Federal Sentencing

28

- 2 -

1  Guidelines, and Booker established a new rule for the federal system)(citing McReynolds v.
2  United States, 397 F.3d 479, 481 (7th Cir. 2005), cert. denied, 126 S.Ct. 288 (2005));
3  Humphress v. United States, 398 F.3d 855, 860 (6th Cir.)(where federal criminal defendant
4  filed § 2255 motion contending that his sentence was imposed in violation of Blakely, the
5  claim was governed by the Supreme Court's intervening decision in Booker), cert. denied, 126
6  S.Ct. 199 (2005). In Booker, the Supreme Court held that "[a]ny fact (other than a prior
7  conviction) which is necessary to support a sentence exceeding the maximum authorized by
8  the facts established by a plea of guilty or a jury verdict must be admitted by the defendant
9  or proved to a jury beyond a reasonable doubt." Id., 125 S.Ct. at 756.

10  The Court of Appeals for the Ninth Circuit has held that Booker applies to cases
11  pending on direct appeal. United States v. Ameline, 409 F.3d 1073, 1084 (9th Cir. 2005)(en
12  banc). In United States v. Cruz, 423 F.3d 1119 (9th Cir. 2005), the Ninth Circuit held that
13  Booker does not apply retroactively and does not apply to cases on collateral review where
14  the conviction was final as of the date of Booker's publication. Movant's conviction and
15  sentence became final no later than September 9, 2002, prior to the date of decision in Booker
16  on January 12, 2005. Booker does not apply retroactively to cases on collateral review where
17  the conviction was final prior to the date of decision, as in Movant's case.

18  The Report and Recommendation contains a discussion on the timeliness of the § 2255
19  motion, noting that the Ninth Circuit has held that the one year limitation period applicable
20  under 28 U.S.C. § 2255 does not run from the date the new right is recognized but the date
21  on which it is made retroactively applicable. In Dodd v. United States, __U.S.__, 125 S.Ct.
22  2478 (2005), the Supreme Court held that the one-year limitation period of 28 U.S.C. § 2255
23  runs from the date the Supreme Court recognizes a right and declares it retroactive, not the
24  date on which a lower federal court applies the right retroactively. This does not alter the

conclusion that Blakely v. Washington and Booker v. United States do not apply retroactively on collateral review.[1]

Moreover, as discussed in the Report and Recommendation, Movant effectively waived his right to file a collateral attack to his conviction and sentence under 28 U.S.C. § 2255. Movant has set forth claims related to sentencing errors but has not submitted any argument that his plea and waiver were not entered "knowingly and voluntarily."

**Accordingly**,

**IT IS ORDERED** that the Court adopts the Magistrate Judge's Report and Recommendation (Doc. 27) as supplemented by this Order.

**IT IS FURTHER ORDERED** that the Motion to Vacate, Set Aside or Correct Sentence filed under 28 U.S.C. § 2255 (Doc. 18) is denied.

DATED this 6th day of March, 2006.

_____
Mary H. Murguia
United States District Judge

---

[1] The Supreme Court has not held that Blakely or Booker apply retroactively.

- 4 -